**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CATHERINE WANKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:16-cv-02789-TWP-DML |
| | ) |
| BOARD OF TRUSTEES OF INDIANA | ) |
| UNIVERSITY, and INDIANA UNIVERSITY | ) |
| SCHOOL OF DENTISTRY, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by Defendants Board of Trustees of Indiana University ("Trustees") and

Indiana University School of Dentistry ("IUSD") (collectively, "Defendants"). (Filing No. 29.)

After being dismissed from IUSD, Plaintiff Catherine Wanko ("Wanko") filed an Amended

Complaint, alleging Defendants violated Title VI of the Civil Rights Act of 1964 ("Title VI"), 42

U.S.C. § 2000d-7. (Filing No. 28.) Defendants move the Court to dismiss Wanko's Amended

Complaint for failure to state a claim. For the following reasons, the Court **GRANTS in part and**

**DENIES in part** Defendants' Motion to Dismiss.

## I.   BACKGROUND

The following facts are undisputed. Wanko is African-American and a naturalized United

States citizen, originally from the Republic of Cameroon, Central Africa. In August 2014, s

enrolled as a dental student at IUSD. According to IUSD's policies and procedures, dental students

must achieve a score of seventy percent (70%) or higher to pass a course. However, students who

score between sixty-five percent (65%) and sixty-nine point nine percent (69.9%) are granted the

opportunity to bring their grade back to the satisfactory level of seventy percent (70%). This practice is based on IUSD's "remediation" policy. Students who score below sixty-five percent (65%) are not eligible to remediate a score. All scores earned, including remediated scores, are used to compute a student's cumulative grade point average ("GPA"). In order to be promoted to the next semester and remain in good standing, a student must: 1) maintain a passing or incomplete grade for each course the student is enrolled; 2) maintain a minimum cumulative 2.0 GPA, as well as a semester GPA of 2.0; and 3) maintain acceptable ethical and professional behavior. According to IUSD's policies and procedures, a student may be placed on probation if the student fails to remain in good standing.

During Wanko's first year of dental school, she received unsatisfactory scores in two courses—Single Tooth Indirect Restorations ("STI") and Removable Prosthodontics ("RP"). In STI, Wanko scored below a sixty-five percent (65%), therefore, she was not eligible to remediate the class. Wanko's RP score met the requirements for remediation and in the summer of 2015, Wanko successfully remediated RP by scoring seventy-one percent (71%) on the course examination. By the end of her first year, Wanko achieved a minimum cumulative GPA of 2.0.

Despite Wanko remediating the RP class and maintaining a 2.0 GPA, IUSD required that she retake her entire first year curriculum. After repeating her first year curriculum, Wanko successfully passed all but one of her courses—STI. Wanko scored a sixty-five percent (65%) in STI, but IUSD did not offer her the opportunity to remediate. Instead, the Dental Student Progress Committee decided to dismiss Wanko from IUSD. Wanko appealed to the Faculty Counsel Appeals Committee, as well as to the Dean, who both affirmed the decision to dismiss her from dental school.

On February 6, 2017, Wanko filed an Amended Complaint, alleging Defendants discriminated against her on the basis of her race and national origin in violation of Title VI. (Filing No. 28). Wanko specifically argues that Defendants forced her to retake her entire first year curriculum and dismissed her from IUSD without offering remediation or probation, because of her race and national origin. Defendants move to dismiss Wanko's Amended Complaint for failure to state a claim. (Filing No. 29).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.  DISCUSSION

Defendants move to dismiss Wanko's Amended Complaint for failure to state a claim under Title VI.  Title VI provides: "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

To establish a *prima facie* case of discrimination under Title VI, Wanko must demonstrate that she: (1) is a member of a protected class; (2) met the school's legitimate educational expectations; (3) suffered an adverse educational action; and (4) received worse treatment than that of similarly situated students not in the protected class.  *Brewer v. Board of Trustees of the University of Illinois*, 479 F.3d 908, 921 (7th Cir. 2007) (citations omitted).

Defendants do not dispute that Wanko is a member of a protected class, or that she suffered an adverse educational action.  However, Defendants contend that Wanko did not perform satisfactorily at IUSD to meet their legitimate expectations, and there is no similarly situated student outside of the protected class who performed unsatisfactorily once in the RP course and twice in the STI course.

### A.  Similarly Situated Students

The Court begins its analysis with the parties' arguments regarding similarly situated students.  Wanko's identifies three groups of students as similarly situated.  The first group consists of ten to twelve Caucasian students who remediated RP during their first year.  The second group consists of two to three Caucasian students who failed STI and were ineligible to remediate, but were promoted to second year on probation.  The final group includes ten to twelve Caucasian students that scored less than a sixty-five percent (65%) in Systems Approach to Biomedical

Sciences and were allowed to remediate. Wanko notes that the students in groups one and two both advanced to their second year at IUSD and the students in group three were afforded the opportunity to remediate the course, despite IUSD's policies and procedures. Defendants respond that none of the groups are similarly situated to Wanko because none of the groups include a person that received unsatisfactory scores in both STI and RP during their first year, as well as an unsatisfactory score in STI the following year.

The Court finds that Wanko has sufficiently identified a similarly situated group to support her claim of discrimination based on having to retake her first year curriculum. The Court notes, after Wanko remediated RP, she appears to be similarly situated to the second group—the two to three Caucasian students who also failed STI but who, unlike Wanko, were promoted to their second year on probation.

With respect to Wanko's claim that her dismissal from IUSD was based on discrimination, the Court concludes that Wanko failed to plead a similarly situated individual who twice performed unsatisfactorily in a first year course at IUSD. There is no precise formula to determine whether an individual is similarly situated to comparators, however, to demonstrate that another student is similarly situated, a plaintiff must identify "someone who is directly comparable to her in all material respects." *Patterson v. Avery Dennison Corporation*, 281 F.3d 676 (7th Cir. 2002); *McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). Wanko has not made such an identification.

## B.    Failure to Meet the School's Legitimate Educational Expectations

Defendants next assert that Wanko failed to meet IUSD's legitimate educational expectations. In response, Wanko argues that she met this element of Title VI at the time of her dismissal because—after retaking her first year curriculum and despite performing unsatisfactorily

in STI twice—she still maintained a 2.0 cumulative GPA and passed all of her other courses, including RP. Wanko argues that the Court should not consider her unsatisfactory performance in STI when determining whether she failed to meet the school's legitimate educational expectations. She notes, similar to her situation, there were ten to eleven Caucasian students that performed unsatisfactorily in RP during their first year and another two to three Caucasian students who performed unsatisfactorily in STI. Unlike Wanko, the two or three Caucasian students were placed on probation and promoted to their second year. Wanko contends that by successfully retaking her first year curriculum, she met and exceeded ISUD's "educational expectations" because she did not have to remediate removable prosthodontics, like the 10-12 Caucasian student in her first year.

With respect to Wanko's claim that Defendants forced her to retake the entire first year curriculum in violation of Title VI, the Court finds instructive IUSD's promotion of two or three students who were ineligible to remediate STI during their first year. These two or three Caucasian students were promoted to second year and did not have to retake the entire first year of courses. Because the promoted Caucasian students appear to have met IUSD's legitimate educational expectations, despite performing unsatisfactorily in STI, the Court concludes that Wanko has pled sufficient facts to establish that she also met IUSD's legitimate expectations after remediating RP.

Wanko's arguments regarding the performance of other students is without merit on the issue of whether Wanko met IUSD's legitimate educational expectations after retaking her first year curriculum. There is no dispute that IUSD's policies and procedures require students to score seventy percent (70%) or higher to pass a course. The policies and procedures also make clear that in order for a student to move on to the next semester in good standing, the student must pass all courses. Wanko concedes that she performed unsatisfactorily in STI and RP during her first year, and again performed unsatisfactorily in STI the following year. Wanko does not point the

6

Court to other students who remained at IUSD after twice performing unsatisfactorily in a first year course. Accordingly, based on Wanko's academic record and IUSD's policies and procedures, the Court finds that Wanko did not meet IUSD's legitimate educational expectations at the time of her dismissal. Additionally, to the extent that Wanko asserts her dismissal violated IUSD's policies and procedures, the Court notes "Title VI does not create liability for any decision that violates a University policy, only for decisions that violate Title VI's policy against racism." *Brewer*, 479 F.3d at 922 (citations omitted).

## C.    **IUSD as a Party**

As a final matter, Defendants note correctly that the Trustees of Indiana University serve as the governing body for Indiana University, including the School of Dentistry. As such, and pursuant to Indiana Code § 21-27-4-3, the Board of Trustees is the entity which may sue and be sued. Accordingly, IUSD is **dismissed** as a party to this action. The Clerk is directed to show IUSD as terminated and removed from the caption.

## IV.    CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss. ([Filing No. 29.](#)) The Court finds Wanko adequately states a Title VI claim that Defendants acted with discrimination when forcing her to retake her entire first year curriculum when similarly situated students did not, and this claim has survived the initial hurdle of a motion to dismiss. The Court concludes that the Amended Complaint fails to sufficiently plead that Wanko's dismissal from IUSD resulted from Title VI

discrimination, accordingly, this claim is dismissed. In addition, IUSD is **dismissed** as a party to this action.

       **SO ORDERED.**

Date:  7/3/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew Nyombi
EMEJURU & NYOMBI LLC
anyombi@enylaw.com

Clifton A. Dennis
SEVERNS & STINSON
clifton@cliftondennis.com

Ikechukwu Emejuru
EMEJURU & NYOMBI LLC
iemejuru@enylaw.com

Cory Stephen Brundage
CORY BRUNDAGE, LLC
cb@brundagelaw.com